JUSTICE TRIEWEILER
concurring and dissenting.
¶81 I concur with the result of the majority Opinion and with much of what is said in that Opinion. However, I also conclude that the majority has unnecessarily and, contrary to our prior decisional law, limited the effect of its Opinion, thereby depriving other aggrieved workers of its benefit. From those limitations placed on this Opinion, I dissent.
¶82 I agree with what is said in Justice Rice’s concurring Opinion except for his conclusion that an employee cannot sue directly to enforce his rights provided by the Davis-Bacon Act. However, I would resolve the issue in this case more directly and without the inference that there was an effective administrative remedy available to the Plaintiffs pursuant to the Davis-Bacon Act.
¶83 As noted by the majority, the contract between American Renovation and Construction Company and the United States Air Force required not only that ARC pay its laborers’ prevailing wages pursuant to the Davis-Bacon Act, but also required that ARC require its subcontractors to pay those wages. Assuming the Plaintiffs’ allegations to be correct, it did not do so.
¶84 The question in this case was not, as decided by the District Court, whether the Davis-Bacon Act provides a direct cause of action pursuant to the Supreme Court’s analysis in Cort v. Ash (1975), 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26. (Although I would hold as in McDaniel v. University of Chicago (7th Cir. 1977), 548 F.2d 689, cert. den’d., 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780, (1978), that it does.) The question is whether the Davis-Bacon Act preempts the Plaintiffs’ state remedies such as their claims for breach of contract and negligence. I agree with the majority’s analysis of the preemption issue with the exception that I would not under any circumstance infer preemption by federal administrative regulations. The question is whether Congress intended preemption of state law. I do not believe comprehensive administrative regulation could ever shed any light on that issue.
¶85 I agree with the result of the majority’s preemption analysis. However, I would not limit the conclusion that a common law breach of contract action presents no conflict with the statutory and regulatory scheme of the Davis-Bacon Act to the facts of this case as *312 the majority has done in ¶ 48 of its Opinion. I would conclude that a breach of contract action to enforce those protections provided to workers through the Davis-Bacon Act can never conflict with the Act which the majority concedes was enacted to protect workers on federal construction projects. How could allowing workers to enforce their right to prevailing wages conflict with federal law requiring that they be paid prevailing wages? It seems to me the majority’s analysis in that regard is unnecessarily complicated and the majority’s conclusion is unnecessarily limited.
¶86 Nor do I join in the majority’s conclusion at ¶ 33 that Baer and ARC are estopped from arguing that the Plaintiffs failed to exhaust their administrative remedies. I would simply conclude that there were no effective administrative remedies available to the Plaintiffs nor, other than the practical limitations pointed out by Justice Rice (regarding DOL determination of the proper job classification and prevailing wage), is there any requirement in our prior case law that people protected by a federal statutory scheme exhaust that statutory remedy before pursuing an independent state remedy. For the same reason, I disagree with the majority’s conclusion in ¶ 35 that the Plaintiffs in this case had an obligation to make their complaints to the contractor, subcontractor, contracting agency or Department of Labor before bringing a state law action for breach of contract or negligence. While common sense and practicality suggest that those efforts first be made, there is nothing in the law that requires it.
¶87 Finally, I strongly disagree with the majority’s conclusions in ¶ 56 of the majority Opinion that the Davis-Bacon Act and DOL regulations provide workers an effective remedy for contract violations or that the administrative remedy must be pursued to its intended conclusion. The first conclusion is completely inconsistent with the majority’s observations in ¶ 26 and ¶ 29 of its Opinion that only the DOL, contracting agency or private contractor can initiate dispute resolution proceedings regarding the payment of prevailing wages. A regulatory scheme which leaves the rights of workers totally up to federal agencies and their private contractors is no remedy whatsoever to a worker who has been denied his or her prevailing wage.
¶88 Finally, once the Court has considered whether the Davis-Bacon Act preempts state law claims, I would conclude it is only necessary to look to our prior case law to determine whether Plaintiffs’ claims in this case were properly dismissed. We have already decided this identical issue in State ex rel. Farm Credit Bank of Spokane v. Dist. Court of Third Jud. Dist. (1994), 267 Mont. 1, 881 P.2d 594. However, *313 the Farm Credit decision is not even mentioned in either the majority Opinion or Justice Rice’s concurring Opinion.
¶89 In Farm Credit, the Plaintiffs filed a state law claim for damages from Farm Credit Bank of Spokane. Among their claims, Plaintiffs alleged that the Bank breached its contract with them by not complying with the Agricultural Credit Act of 1987, the terms of which were incorporated into the contract between the parties. The District Court dismissed the Plaintiffs’ breach of contract claim based on preemption by the Agricultural Credit Act. On appeal, the Bank contended, as does the Defendant in this case, that the District Court should be affirmed because, based on federal authority, there is no direct cause of action available to a borrower for enforcement of the terms of the Agricultural Credit Act. Plaintiffs, on the other hand, pointed out that they were not relying on the creation of a private cause of action to enforce the Agricultural Credit Act. They simply sought to enforce those provisions of the Act which had been incorporated in the terms of their contract with the Bank.
¶90 In Farm Credit, we first held, as the majority does in this case, that it is not necessary to analyze whether Congress intended to permit a private right of action to enforce the Act. We held that:
By including reference to the Act as a controlling contract term, the FCB is bound by the terms of the Act under the contract, and the Graveleys have the same right to enforce the provisions of the Act as the parties have to enforce any other provision in the contract.
Farm Credit, 267 Mont. at 17, 881 P.2d at 603.
¶91 We pointed out that “while the existence of a private cause of action is correctly analyzed under Cort v. Ash, federal preemption is analyzed differently.” Farm Credit, 267 Mont. at 17, 881 P.2d at 603. Based on the same analytical process employed by the majority in this case, we concluded that not only was there no conflict between the private cause of action and the Act, but that the private cause of action furthered the purpose of the federal legislation. In relevant language, we stated:
There is no basis for concluding that simply because Congress provided for a minimum procedure for reviewing a loan officer’s decision that it meant to foreclose any other method of enforcing the right to restructure provided for by statute.
Farm Credit, 267 Mont. at 20, 881 P.2d at 605.
¶92 We concluded that because the terms of the Act were incorporated by the parties as a term of their contract, those terms were as *314 enforceable in a court of law as any other contract term. Farm Credit, 267 Mont. at 20-21, 881 P.2d at 606.
¶93 If a minimum procedure for reviewing a loan officer’s decision does not foreclose other methods of enforcing rights provided for by contract, certainly the administrative process alluded to by the majority would not foreclose the Plaintiffs’ claim in this case. In this case, Plaintiffs did not even have a right to initiate a fact finding process by which to resolve their claim that they were denied the prevailing wage for their job classification.
¶94 For these reasons, and based on our prior decision in Farm Credit, I would reverse the judgment of the District Court and I concur in the majority’s decision to do so. However, I dissent from the majority’s unnecessary and legally incorrect limitations on the application of its Opinion. I believe that the majority’s limiting language will lead to confusion by future litigants and leave the door open for future avoidance of what should have been a simple and unequivocal conclusion in this case.